947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles H. HORN, Defendant-Appellant.
 No. 91-5238.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Charles H. Horn appeals his sentence following a guilty plea to defrauding a federally insured bank by false pretenses and representations. For the reasons that follow, we affirm.
 
 
 2
 * In August 1986, defendant-appellant Charles H. Horn opened a checking account in the name of "National Tower Services, Inc." at the Bank of Dadeville in Dadeville, Alabama. That account was closed on September 4, 1986. In July 1989, Horn opened a checking account in the name of "Charles H. Horn, d/b/a Sunshine Service" at Rossville Savings Bank in Rossville, Tennessee.
 
 
 3
 On August 24, 1989, Horn deposited a check for $3,859.00 in his Rossville Savings Bank account. The check was drawn on the closed account at the Bank of Dadeville. The Rossville Savings Bank sustained a loss of $3,097.92.
 
 
 4
 On June 4, 1990, the grand jury for the Western District of Tennessee issued a subpoena for Horn to provide handwriting exemplars, fingerprints, and palm prints. Attempts to locate Horn were unsuccessful, and the subpoena was not served. On June 11, the grand jury returned an indictment charging Horn with one count of bank fraud in violation of 18 U.S.C. § 1344 (1988). On June 12, a warrant was issued for Horn's arrest. In September, Horn was arrested in Arkansas. At a hearing on September 28, the government presented evidence indicating that Horn posed a substantial risk of flight as well as a danger to a witness. The court ordered Horn detained pending the outcome of the trial.
 
 
 5
 On October 4, 1990, the government filed a motion to compel handwriting exemplars of Horn. The court then filed an order requiring Horn to comply.
 
 
 6
 On November 2, 1990, Horn entered a plea of guilty to the one-count indictment. Nonetheless, the presentence report recommended that Horn not be afforded the two-point reduction for acceptance of responsibility. That recommendation was based on several findings. First, Horn sought to avoid arrest between June and September of 1990 by leaving Tennessee for Missouri. Second, while in Missouri, Horn continued to commit crimes; in particular, an arrest warrant was issued by Jefferson County for felony stealing. Apparently, Horn obtained $6,500.00 as a down payment for a service that he never intended to provide. Third, Horn had not made efforts to comply with a restitution judgment pursuant to a conviction of fraudulent breach of trust in 1982 in Fayette County, Tennessee, which ordered him to pay $14,280.52. Furthermore, Horn apparently escaped while on probation for the previous conviction.
 
 
 7
 The court sentenced Horn on January 4, 1991. It adopted the findings of the probation officer and, accordingly, denied a two-point reduction for acceptance of responsibility. Following entry of judgment, Horn brought this appeal.
 
 II
 
 8
 Defendant-appellant contends that the district court erred in denying him a two-point reduction for acceptance of responsibility. A guilty plea, standing alone, does not entitle a defendant to credit for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual § 3E1.1(c) (Nov. 1990) (hereinafter "U.S.S.G."). In determining whether a defendant qualifies for reduction based on acceptance of responsibility, the court may consider, inter alia:
 
 
 9
 (a) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 10
 (b) voluntary payment of restitution prior to adjudication of guilt;
 
 
 11
 (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;
 
 
 12
 (d) voluntary surrender to authorities promptly after commission of the offense; [and]
 
 
 13
 ...
 
 
 14
 (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
 
 
 15
 U.S.S.G. § 3E1.1, comment. (n. 1). We review the court's factual findings relating to the above factors under the "clearly erroneous" standard, see, e.g., United States v. Luster, 889 F.2d 1523, 1525 (6th Cir.1989), giving "due deference" to the district court's application of the sentencing guidelines. 18 U.S.C. § 3742(e) (1988).
 
 
 16
 Horn continued to commit crimes until arrested. He did not offer to pay restitution to Rossville Savings Bank, and in the past, he has failed to pay restitution imposed by court order. Although he pleaded guilty to bank fraud, Horn did not admit to the related conduct of avoiding arrest. Furthermore, his attempts to avoid arrest preclude credit based on a prompt, voluntary surrender to authorities.
 
 
 17
 The fact that Horn entered a plea of guilty is entitled to great weight. See U.S.S.G. § 3E1.1, comment. (n. 3). The court may properly find, however, that this evidence is outweighed by Horn's other conduct. Id. Accordingly, the sentence of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, District Judge of the United States District Court for the Eastern District of Michigan, sitting by designation